**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RONALD BRUCE ELLIS, | No. 13-35587 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-02330-PK |
| v. | |
| CITY OF PORTLAND; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted April 7, 2015[**]

Before:    FISHER, TALLMAN, and NGUYEN, Circuit Judges.

Ronald Bruce Ellis appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising

out of his arrest and subsequent conviction and imprisonment. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Noel v. Hall*, 341 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1148, 1154 (9th Cir. 2003) (dismissal under *Rooker-Feldman* doctrine); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We reverse and remand.

We are unable to determine from the complaint that Ellis filed whether some of his claims might be cognizable under § 1983.  Ellis should be given the opportunity on remand to clarify his constitutional claims and explain what facts support them.  If clarified, the district court may still determine that *Rooker-Feldman* is properly invoked as to some of Ellis' allegations.

The district court erred in dismissing Ellis' entire action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Ellis' action complained of illegal acts and omissions by defendants, at least some of which do not allege an error by the state court and therefore do not constitute a de facto appeal.  *See Noel*, 341 F.3d at 1163-65 (explaining that *Rooker-Feldman* does not bar jurisdiction over an action in which a federal plaintiff complains of a legal injury caused by an adverse party); *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) ("*Rooker-Feldman* . . . applies only when the federal plaintiff both asserts as . . . [his] injury legal error or errors by the state court and seeks as . . . [his] remedy relief from the state court judgment.").

**REVERSED and REMANDED.**

13-35587